Gerald Lee **HENDRICKSON**, Appellant (Defendant Below),

v.

**STATE of Indiana**, Appellee (Plaintiff Below).

No. 2–1079A324.

Court of Appeals of Indiana, Second District.

May 15, 1980.

Jack Quirk, Muncie, for appellant.

Theo. L. Sendak, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Gerald Lee Hendrickson appeals his conviction of Theft[1] raising the following issues:

(1) whether the trial court erred in admitting a United States Treasury check in evidence;

(2) whether the trial court erred in admitting his custodial statement in evidence;

(3) whether the trial court erred in denying his motion for a verdict of not guilty[2] at the close of the State's case in chief; and

(4) whether there was sufficient evidence to sustain the conviction.

The facts most favorable to the judgment are as follows:

On April 10, 1979 Hendrickson, his fiancee Dana Ramsey, and Allen Cox were residing at the home of Jeanette Killion on 1711 E. 17th Street, Muncie, Indiana. Upon checking the mail at approximately 11 A.M. Hendrickson discovered a United States Treasury check in the amount of $339.90 payable to the order of Karen A. Furrow of 1711 E. 19th Street, Muncie, Indiana. Hendrickson, who was in need of "food and a place to stay," convinced his fiancee Ramsey to cash the check at the Ideal Liquor Store on 2507 South Macedonia, Muncie, Indiana. Ramsey presented the check to Viretta Murphy, a cashier clerk of the store. Murphy, noticing the check was made payable to her friend Karen Furrow at her correct address, asked for identification. Hendrickson insisted the check was Ramsey's and should be cashed without the necessity of presenting proper identification. Murphy's mother, who was also an employee of the store, called the police while Murphy went to get a gun. At this point Hendrickson and Ramsey fled with Murphy in pursuit for a half-block. Gerald Yoakum, who was passing by, observed the

chase, joined in, and followed Hendrickson and Ramsey to Killion's house. Shortly thereafter Yoakum directed the police to this house where they effected Hendrickson's arrest.

There is one main argument running through all of Hendrickson's allegations of error: he claims the State failed to prove ownership of check and thus there is no evidence of criminal conduct. He uses the following isolated testimony of Karen Furrow as demonstrating the failure of proof:

"Q. Do you recognize that to be one of your Social Security checks?

A. This, no this is not mine, I've gotten all of mine, signed all of mine."

From this testimony he concludes a crime had not been committed. He relates this argument to his allegations of error as follows:

(1) Citing *McCoy v. State*, (1960) 241 Ind. 104, 170 N.E.2d 43, for the proposition that evidence connecting the exhibit with the alleged crime is required, he argues the State failed to present any evidence connecting the check with *any* crime and thus it should not have been admitted. He argues that without proof of ownership there was no crime.

(2) Without a showing of ownership, he argues, the *corpus delicti*, the prerequisite for proper admission of a custodial statement or confession, has not been established. Thus, this evidence should have been excluded.

(3) and (4) Without a showing of ownership, he argues, no crime has been established and, therefore, the evidence is insufficient to sustain his conviction. *Jackson v. State*, No. 379 S 66 (March 31, 1980) [402 N.E.2d 947] Ind.

Our search of the record reveals sufficient evidence from which the trial court

---

1. IC 1971, 35-43-4-2 (Burns Code Ed., Repl. 1979).

2. Although termed a "Motion for a Verdict of Not Guilty," Hendrickson's motion was in effect a Motion for Involuntary Dismissal. Ind.

Rules of Procedure, Trial Rule 41(B). As this is but another way of challenging the sufficiency of the evidence, we will only address the sufficiency question raised in his fourth issue. *Jackson v. State*, (Ind.1980) 402 N.E.2d 947.

could reasonably conclude Furrow was indeed the owner of the check. Hendrickson has isolated one portion of Furrow's testimony and from this reached his erroneous conclusion.

Furrow's quoted testimony can be interpreted as confusion on her part regarding the question of whether she "owned" the check at the time of the trial. Whether or not Furrow in fact had a claim to the funds for which the check was given in payment is of consequence only to the parties to the check—Karen Furrow and the United States Treasury. It is of no consequence to third parties. Furrow, a recipient of social security benefits, was the named payee on the check. As such, she was clothed with indicia of ownership of the check as to all persons not parties to the check itself. She alone had the authority to negotiate the check and thus the right to control and possess the check as to third parties. This is a sufficient interest to establish her "ownership" of the check for the purpose of it being the subject of a theft.

With this foundation, and the further testimony of the clerk identifying the proffered exhibit as a check payable to Karen Furrow which was presented to her, the check was properly received in evidence. The trial court did not err in its admission. Furthermore, that same evidence was sufficient to prove the corpus delicti which was the proper foundation required for the admission of Hendrickson's confession. *Smith v. State*, (1975) 167 Ind.App. 428, 339 N.E.2d 118. Consequently the trial court properly admitted the confession evidence.

The evidence is clearly sufficient to sustain the trial court's conviction of Hendrickson. The testimony of the clerk coupled with Hendrickson's confession presents overwhelming evidence of guilt.

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.